WO

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Spectre Power Boats, L.L.C., a Florida Limited Liability Company, | CV 13-308 TUC DCB |
| Plaintiff, | |
| v. | **ORDER** |
| Arrow Powerboats, L.L.C., a New Jersey Limited Liability Company; and Anthony Frisina and Lori Frisina, husband and wife, | |
| Defendants. | |

Plaintiff, Spectre Power Boats (Spectre-Lessor) entered into a lease agreement with Arrow Powerboats (Arrow-Lessee) and Guarantors Anthony and Lori Frisina. Spectre leased Arrow certain boat molds and other equipment for use in manufacturing powerboats in Florida. The lease provided for Arrow to market and sell its boats under the established trade name "Spectre Powerboats." Subsequently, Arrow learned that the Spectre trademark was not owned by Spectre when another individual began marketing Spectre boats and threatening to sue Arrow over its use of the name Spectre. Arrow stopped paying Spectre under the lease, and Spectre sued Arrow in the Pima County Superior Court for breach of contract. The case culminated in a default judgment against Spectre for damages. Arrow then filed a replevin action in Florida to enforce the default judgment. Arrow next filed a second action in the Arizona court, which alleges breach of contract, unjust enrichment, violation of the Uniform Trade Secrets Act, declaratory relief, and injunctive relief.

Defendants removed the action to federal court, under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b), because the dispute is between parties of diverse citizenship involving a

controversy in excess of $75,000 exclusive of interests and costs. Spectre is a company organized under the laws of Florida, doing business in Florida. Its sole member is a "citizen" of Arizona. (Notice of Removal (Doc. 1) ¶ 5.) Arrow is a company organized under the laws of New Jersey; its principals, the Frisinas, are residents of New Jersey. *Id.* at 6-7. Arrow's "Spectre" power boat operation is in Florida.

The Plaintiff sued the Defendants in Arizona state court, pursuant to a forum selection clause:

> 33. Governing Law, Jurisdiction and Venue. This Agreement is being entered into in accordance with and shall be governed and interpreted by the laws of the State of Arizona. The parties acknowledge, understand and agree to jurisdiction of the State of Arizona in any dispute or enforcement proceeding involving this Agreement or the transaction described herein, and the parties and Guarantors consent to personal jurisdiction in connection therewith, and agree that any such dispute and/or enforcement action shall be heard in the Superior Court of the State of Arizona, in Pima County, Arizona. *Notwithstanding the foregoing, however, Lessor at its election, may elect to bring an enforcement action involving any such dispute in the State of New Jersey or the state where the Equipment and/or Intellectual Property are located, and in such case, the parties and the Guarantors hereby agree to jurisdiction of any such state and consent to personal jurisdiction in connection with any such proceeding, and agree that any such enforcement action shall be heard in the court of general jurisdiction of any such state.*

Defendants removed the action based on diversity. Defendants assert the latter part of paragraph 33 makes this a permissive forum selection/choice of law clause. (Response to Motion to Remand (Doc. 7) at 5.) Defendants assert "permissive forum selection clauses establish venue or jurisdiction in a specified court but still permit venue elsewhere, and mandatory forum selection clauses require actions to be brought only in the specified court." *Id.* (citing *Northern Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1036-37 (9th Cir. 1995); *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989); *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 78 (9th Cir. 1995)). "For a clause to be mandatory, the clause must contain language that clearly designates a forum as the exclusive one." And, "[g]enerally, when a clause only specifies jurisdiction in a particular court, the clause will not be enforced to bar venue elsewhere

1 without some further language indicating the parties' intent to make jurisdiction exclusive."
2 (Response at 9-10 (further citations omitted).

3     "A court may determine a party's intent not just from the plain language of the
4 contract, <u>but also from the subsequent acts and conduct of the parties to the contract</u>." *Id.* at
5 10 (citing *Scribner v. Worldcom, Inc.*, 249 F.3d 902 (9th Cir. 2001) (emphasis in original).
6 Defendants argue that the Plaintiff's have treated the clause as permissive: first, filing a
7 breach of contract claim for delinquency in the Arizona state court, then filing the action for
8 replevin in Florida, and finally returning the Arizona state court to file this action, which is
9 the subject of Defendant's removal.

10     The Court finds that the forum selection clause here is mandatory because it does
11 more than just specify that the parties agree there shall be jurisdiction in Arizona, it specifies
12 that any dispute and/or enforcement action shall be heard in the Superior Court of the State
13 of Arizona, in Pima County, Arizona.  As stated the parties agreed that litigation shall be in
14 this court only, except the Lessor (Spectre Power Boats) may elect to bring an enforcement
15 action in New Jersey or the state where the equipment and/or intellectual property are
16 located.  The permissive nature of the forum selection clause does not serve the Defendant's
17 removal.  Only the Lessor, Spectre, may proceed outside of Arizona and only to bring an
18 enforcement action.  Plaintiff Spectre exercised this discretion with regard to the replevin
19 action, which by its nature could not be brought in Arizona.  Neither the Plaintiff's conduct
20 nor the language of the forum selection clause suggests it is permissive.  In fact, the latter
21 portion suggests the contrary.  If permissive, there would be no reasons for the parties to
22 include the limited exception to venue being exclusively in the Superior Court for the State
23 of Arizona, Pima County.

24     **Accordingly,**

25     **IT IS ORDERED** that Motion to Remand (doc. 4) is GRANTED and the matter is
26 REMANDED to the Pima County Superior Court in Tucson, Arizona.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send a copy of this Order to the Clerk of the Court for the Pima County Superior Court.

DATED this 26th day of June, 2013.

David C. Bury
United States District Judge